*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* D R JOHNSON, Minor.

UNPUBLISHED
December 19, 2024
3:24 PM

No. 369740
Wayne Circuit Court
Family Division
LC No. 2021-000465-NA

Before: N. P. HOOD, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

Respondent[1] appeals as of right the order terminating her parental rights to her minor child, DRJ, under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist), MCL 712A.19b(3)(c)(*ii*) (failure to rectify other conditions), and MCL 712A.19b(3)(j) (reasonable likelihood of harm if returned to parent). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Respondent has a lengthy Children's Protective Services (CPS) history due to her mental health and substance abuse issues. In this case, CPS removed DRJ from respondent's care after several incidents of improper supervision and neglect occurred while respondent was intoxicated. The proceedings in this case lasted two-and-a-half years, during which respondent was offered a litany of services. Services to respondent were interrupted for several weeks because respondent was involved in an alcohol-related accident that hindered her progress. Yet, she continued to fail to adequately address her barriers even as she healed. The trial court ultimately terminated respondent's parental rights under the above statutory grounds after finding it was in DRJ's best interests to do so. Respondent now appeals.

---

[1] DRJ's father was unknown. While he was made a respondent and his rights were terminated below, he is not a party to this appeal. This opinion refers to respondent-mother as "respondent."

## II. STATUTORY GROUNDS

Respondent first argues that the trial court erred in finding statutory grounds existed to terminate her parental rights. We disagree.

### A. STANDARD OF REVIEW

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re Jackisch/Stamm-Jackisch*, 340 Mich App 326, 333; 985 NW2d 912 (2022) (quotation marks and citation omitted). This Court reviews for clear error a trial court's finding that statutory grounds exist for termination. *Id*. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. (quotation marks and citation omitted).

### B. ANALYSIS

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), and (j). Under MCL 712A.19b(3)(c)(*i*), a trial court may terminate a respondent's parental rights if it finds, by clear and convincing evidence, that:

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

It is undisputed that more than 182 days passed from when the initial dispositional order was entered when respondent's parental rights were terminated. Thus, the only question is whether the conditions leading to the adjudication continued to exist with no reasonable likelihood of being rectified in a reasonable amount of time.

The initial petition for removal cited respondent's substance abuse, improper supervision and physical neglect of DRJ, and "CPS case history[,]" and the trial court assumed jurisdiction over DRJ under MCL 712A.2(b)(1) (parent neglects to provide proper or necessary care and child is subject to substantial risk of harm), and MCL 712A.2(b)(2) (home is unfit due to parent's neglect or drunkenness). A significant issue in this case is respondent's severe substance abuse. Over the duration of this case, respondent failed to submit to drug screens, often tested positive for marijuana and alcohol in the screens she did provide, and even attended visits with DRJ intoxicated multiple times. Her struggle with substance abuse was pronounced and pervasive.

We therefore disagree with respondent that she would have been able to complete and benefit from her treatment plan had the trial court given her more time. And, despite respondent's contention that she was in substantial compliance with the parent-agency agreement, the record reflects that she was offered numerous services over the two-and-a-half year pendency of this case and she failed to complete many of them. Moreover, there is no evidence that she benefitted from

the services that she did complete. "If a parent fails to make improvements despite having received adequate services, this would suggest that the conditions are unlikely to be rectified in the foreseeable future." *In re MJC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365616); slip op at 4.[2] Given the scope of services offered to respondent, and the time she was given to benefit from those services, we find no clear error in the trial court's determination that there was no reasonable likelihood that respondent could rectify the conditions leading to the adjudication within a reasonable time. MCL 712A.19b(3)(c)(*i*). Because termination was proper under MCL 712A.19b(3)(c)(*i*), we need not consider whether termination was also proper under MCL 712A.19b(3)(c)(*ii*) and (j). *Jackisch/Stamm-Jackisch*, 340 Mich App at 333-334 ("If we conclude that termination is supported by at least one statutory ground, additional grounds for the trial court's decision need not be considered.").

## III. BEST INTERESTS

Respondent next argues that the trial court erred by finding it was in DRJ's best interests to terminate her parental rights. We disagree.

### A. STANDARD OF REVIEW

"This Court reviews for clear error a trial court's determination that petitioner has proved by a preponderance of the evidence that termination of parental rights was in the child's best interests." *In re MJC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365616); slip op at 9. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Jackisch/Stamm-Jackisch*, 340 Mich App at 333 (quotation marks and citation omitted).

### B. ANALYSIS

"Once a statutory basis for termination has been shown by clear and convincing evidence, the court must determine whether termination is in the child's best interests." *In re Keillor*, 325 Mich App 80, 93; 923 NW2d 617 (2018)." Of note, "[t]he focus at the best-interest stage has always been on the child, not the parent." *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022) (quotation marks and citation omitted).

> In considering the issue of whether termination is in the best interests of the minor child, the trial court is permitted to consider the child's bond to the parent,

---

[2] On appeal, respondent appears to briefly challenge the adequacy of the reunification efforts provided in this case. But, respondent provides no argument as to why the efforts were inadequate, nor do we see any evidence they were inadequate in the record. We therefore decline to consider this unpreserved, abandoned argument. See *In re MJC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365616); slip op at 2 ("to preserve an argument about reasonable efforts for family reunification, a respondent-parent must object to the services at the time they are offered[]"); *In re Rippy*, 330 Mich App 350, 362 n 5; 948 NW2d 131 (2019) (citation omitted) ("Insufficiently briefed issues are deemed abandoned on appeal.").

the parent's parenting ability, the child's need for permanency, stability, and finality, the advantages of a foster home over the parent's home, the length of time the child was in care, the likelihood that the child could be returned to her parents' home within the foreseeable future, if at all, and compliance with the case service plan. In assessing whether termination of parental rights is in a child's best interests, the trial court should weigh all evidence available to it. [*Keillor*, 325 Mich App at 93-94 (quotation marks and citations omitted).]

"[T]he fact that the [child was] in the care of a relative at the time of the termination hearing is an explicit factor to consider in determining whether termination was in the [child's] best interests[.]" *In re Olive/Metts Minors*, 297 Mich App 35, 43; 823 NW2d 144 (2012). A trial court need not create a guardianship in lieu of termination where a guardianship is not in the child's best interests. See MCL 712A.19a(9)(c); *In re TK*, 306 Mich App 698, 707; 859 NW2d 208 (2014).[3]

Respondent argues termination was not in DRJ's best interests because respondent "did her best to complete" the services offered to her, and "allowing [DRJ's] mother a fair opportunity to maintain her bond with DRJ rather than having that relationship ripped away" is in DRJ's best interests. Respondent's argument conflates her "best efforts" with DRJ's best interests. We note that respondent was offered numerous services, multiple times, but failed to benefit from them or avail herself of them at all. Furthermore, respondent provides no support for her conclusion that it would be in DRJ's best interests to award respondent more time to complete services. This case languished for two-and-a-half years, and respondent's substance abuse was an unrelenting problem throughout the proceedings. Respondent had ample time to demonstrate improvement. DRJ's need for stability, permanency, and finality after all this time weigh in favor of termination. The only two identifiable factors weighing against termination in this case are respondent's bond with DRJ and the fact that DRJ's placement with her half-sister's father. But, DRJ's placement was unwilling to pursue a guardianship, and was interested in adopting DRJ. Despite respondent's bond with DRJ, the evidence in this case demonstrates that termination of respondent's parental rights was in DRJ's best interests.

Affirmed.

/s/ Noah P. Hood
/s/ Thomas C. Cameron
/s/ Anica Letica

---

[3] The trial court placed DRJ with the father of her half-sister, whom it deemed to be a relative under MCL 712A.13a. Respondent does not challenge this classification on appeal, nor does she challenge the trial court's rejection of guardianship.